UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN J. O'KEEFE, | |
|        Plaintiff, | NO.  MC-06-008-CI |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION TO TRANSFER |
| UNITED STATES OF AMERICA, | |
|        Defendant. | |

BEFORE THE COURT is Plaintiff's Motion to Quash the Magistrate's Order to Transfer Case No. MC-06-008 to Portland, Oregon.  (Ct. Rec. 4.)  Plaintiff is proceeding *pro se*.   The court construes Plaintiff's Motion as a timely filed objection to the Order to Transfer pursuant to 28 U.S.C. § 1404(a) filed by the Magistrate Judge on February 3, 2006.  (Ct. Rec. 3.)  That Order to Transfer, which the court now construes as a Report and Recommendation to Transfer, was in response to Plaintiff's initial pleading entitled Petition to Vacate a Void Judgment; the challenged judgment was entered by the United States District Court for the District of Oregon in Cause No. 84-0797-PA, *United States of America v. Morgan Overseas Bank, Ltd.*  (Ct. Rec. 1.)

///

///

///

ORDER ADOPTING REPORT AND RECOMMENDATION TO TRANSFER - 1

1   Pursuant to the magistrate judge's Order, cause number MC-06-008-CI

2   was transferred to the District of Oregon on February 3, 2006.[1]

3      Under 28 U.S.C. § 636(b)(1)(A), magistrate judges have authority

4   to decide motions to transfer under 28 U.S.C. § 1404(a).  *O'Brien v.*

5   *Goldstar Technology, Inc.*, 812 F.Supp. 383 (W.D.N.Y. 1993).  A motion

6   for § 1404(a) transfer is a nondispositive issue. *McEvily v. Sunbeam-*

7   *Oster Co., Inc.*, 878 F. Supp. 337, 339 (D.R.I. 1994).  A non-

8   dispositive ruling may be reconsidered by the district judge when it

9   is shown that the order is clearly erroneous or contrary to law. 28

10   U.S.C. § 636(b)(1)(A) (1988); Fed. R. Civ. P. 72(a).  A finding is

11   _____

12      Although Plaintiff filed his Objection within ten days of the

13   Magistrate Judge's Order to Transfer, the Clerk of the Court, in

14   accordance with that Order, closed the file on February 3, 2006 and

15   transferred it to the Clerk of the District of Oregon. An issue is

16   raised whether this court retains jurisdiction to hear Plaintiff's

17   objections.  The general rule is, absent an issue as to the court's

18   power to transfer the case, physical transfer of the court file

19   deprives the transferor court of jurisdiction. See *Farrell v. Wyatt*,

20   408 F.2d 662, 664-65 (2d Cir. 1969); *Drabik v. Murphy*, 246 F.2d 408,

21   408-10 (2d Cir. 1957); *see also In re Warrick*, 70 F.3d 736, 738-40 (2d

22   Cir. 1995)(directing the district court to "request" the return of the

23

24   file from the transferee court to correct an abuse of discretion).

25   The court has construed Plaintiff's objection as a challenge to the

26   court's authority to transfer the case.

27

28   ORDER ADOPTING REPORT AND RECOMMENDATION TO TRANSFER - 2

clearly erroneous when it is against the clear weight of the evidence, or when the court has "a definite and firm conviction that a mistake has been committed." *Holmes v. Bateson*, 583 F.2d 542, 552 (1st Cir. 1978) (*quoting Evans v. United States*, 319 F.2d 751, 753 (1st Cir. 1963)).

Transfer under § 1404(a) involves review of both private and public factors. *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947).  A presumption exists Plaintiff's choice of forum is the correct choice. *Blinzler v. Marriott International, Inc.*, 857 F. Supp. 1, 3 (D.R.I. 1994) (*quoting Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  However, that presumption may be overcome by other factors, including (1) the convenience of the parties, (2) the convenience of the nonparty witnesses, and (3) the interest of justice in light of this background.  *General Committee of Adjustment v. Burlington Northern R.R.*, 895 F.Supp. 249, 252 (E.D.Mo. 1995); *Nieyes v. American Airlines*, 700 F.Supp. 769, 7772 (S.D.N.Y. 1988).

This matter was tried by the District of Oregon and a judgment entered years ago.  As noted by the magistrate judge, the gravamen of Plaintiff's "Petition" is a collateral attack on that judgment.  There are no claims at issue independent of that judgment.  To the extent the relief sought involves a collateral attack on the judgment entered by the District of Oregon, it is for that court to decide.  Thus, the cause of action is minimally connected with this forum.  *Eichenholtz v. Brennan*, 677 F.Supp. 198, 201 (S.D.N.Y. 1988).  The conclusion of the Magistrate Judge was not clearly erroneous or contrary to law. The Report and Recommendation to Transfer is **ADOPTED.**

ORDER ADOPTING REPORT AND RECOMMENDATION TO TRANSFER - 3

1    **IT IS SO ORDERED.**

2        The District Court is directed to file this Order, provide a copy

3    to Plaintiff and to the Clerk of the United States District Court for

4    the District of Oregon.

5        **DATED** this ___2nd___ day of March, 2006.

6                                        *s/Lonny R. Suko*

7    _____
                             LONNY R. SUKO
                      UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER ADOPTING REPORT AND RECOMMENDATION TO TRANSFER - 4